# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-00211-RJC-DSC

| | |
|---|---|
| ANGELIA RENEE FRANKLIN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| NANCY A. BERRYHILL, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment and Supporting Memorandum, (Doc. Nos. 11, 12); Defendant's Motion for Summary Judgment and Supporting Memorandum, (Doc. Nos. 13, 14); the Magistrate Judge's Memorandum and Recommendation of Remand ("M&R"), (Doc. No. 15), recommending that Plaintiff's motion be granted and the matter be remanded; and Defendant's Objection to the Magistrate Judge's M&R, (Doc. No. 16).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo

determination of any portion of an M&R to which specific written objection has been made. Fed. R. Civ. P. 72(b). Nonetheless, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Ultimately, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence has been defined as more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (alteration in original) (quoting Perales, 402 U.S. at 401). However,

substantial evidence may be somewhat less than a preponderance. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is substantial evidence in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff assigns error to the Administrative Law Judge's ("ALJ") failure to consider Plaintiff's mental limitations when assessing Plaintiff's Residual Functional Capacity ("RFC"). (Doc. No. 12 at 8). The Magistrate Judge agreed with the Plaintiff and recommended remand. (Doc. No. 15 at 7). The Defendant objects to the legal standard applied in the M&R. (Doc. No. 16 at 2). As discussed below, the Court disagrees with the M&R, agrees with Defendant, and affirms the Commissioner's decision.

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2. Furthermore, the ALJ must consider the combined effect of all the claimant's impairments without regard to the severity of each individual impairment. Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). The ALJ must then "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8p.

In Mascio v. Colvin the Fourth Circuit held "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d 632, 636 (4th Cir. 2015). Even if the ALJ concludes that a limitation does not affect a claimant's RFC, the ALJ must still include a discussion in her narrative explaining how such conclusion was reached. Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). Said differently, the ALJ must show her work. Id. As such, boilerplate language from step two is no substitute for a thorough discussion of the ALJ's analysis at step four. SSR 96-8p.

The Magistrate Judge's M&R recommends remanding this case because the ALJ's decision failed to consider Plaintiff's mental limitations when assessing Plaintiff's RFC in light of Mascio. This Court disagrees. First, this case differs from Mascio. Here, the ALJ found that Plaintiff had *mild* difficulties maintaining concentration, persistence or pace, while the plaintiff in Mascio had *moderate* restrictions. Mascio, 780 F.3d at 638; (Tr. 18-20). This Court does not interpret Mascio's holding as applying to all restrictions.[1] Brooks v. Berryhill, No. 3:15-CV-00440-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017) (holding that "Mascio dealt with 'moderate' restrictions and did not hold that all restrictions, including mild restrictions, be explicitly discussed in terms of RFC."). See also Gilbert v. Berryhill, No. 5:16-CV-00100-MOC, 2017 WL 1196452, at *3 (W.D.N.C. Mar. 29, 2017) (citing Roberson v. Colvin for the proposition that Mascio did not apply to cases of mild difficulties); Roberson v. Colvin, No. 3:14–cv–00488–MOC, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016) (finding that, because the case "concerns only 'mild difficulties,' it [did not] trigger the RFC discussion requirements of Mascio per se.").

---

[1] This Court recognizes the differing views regarding this issue. See, e.g., Reinhardt v. Colvin, No. 3:14-CV-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) (finding that the ALJ failed to provide a detailed assessment of the plaintiff's mild mental limitations in the body of the RFC discussion).

Second, the ALJ left no ambiguities in how they reached their determination of Plaintiff's RFC. The ALJ assigned Plaintiff mild limitations in regard to concentrations, persistence, and pace. (Tr. 20). In doing so, the ALJ emphasized how little Plaintiff was affected. Plaintiff enjoyed reading, watching the news, solving crossword puzzles, and even learned how to knit—hobbies the ALJ said illustrate "good concentration." (Id.). Plaintiff also received a consultative examination which showed that her intellectual functioning was "normal." (Id.). While the ALJ acknowledges Plaintiff's anxiety disorder, they concluded that it "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." (Id. at 19).

In regards to Plaintiff's social functioning, the ALJ assigned mild restrictions as well. (Id. at 20). Again, the ALJ concluded that this restriction is not severe. Plaintiff never alleged that she had "any difficulties getting along with others or supervisors," and she continued to live with her partner, daughter, and her daughter's two children. (Id.). "There is little indication that the claimant experiences other social limitations," the ALJ concluded. (Id.).

Plaintiff received mild limitations by the ALJ for daily living. However, the decision notes that the daily limitations Plaintiff alleged were due to her physical, not mental conditions. Id. These physical limitations were the primary source of Plaintiff's disability claims and were therefore analyzed heavily in the ALJ's RFC analysis. As such, the Court clearly follows the ALJ's findings. Plaintiff suffers from obesity, back pain, osteoiparthritis of the hip and pelvis, COPD, and asthma. Id. at 21, 23. In comparing the variety of physical limitations Plaintiff suffers from with the absence of mental limitations, it is not surprising that the ALJ spent the majority of the RFC analysis describing the impact of the physical limitations. Furthermore, it is clear that the ALJ took great consideration into the fact that Plaintiff worked "a significant amount of time after

developing degenerative disc disease." Id. at 23.  This ultimately affected Plaintiff's credibility and the weight given to her testimony.

Because Plaintiff's mental limitation was mild in severity, and because the ALJ supported her decision with significant detail, this Court does not apply the Mascio rule to this case and finds that there is substantial evidence to support the ALJ's final determination.  Accordingly, the decision of the Commissioner should be affirmed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**;

3. The Court hereby **AFFIRMS** the decision of the Commissioner.

4. The Clerk of the Court is directed to close this case.

Signed: September 26, 2017

Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.